```
                    United States District Court
                      District of Massachusetts
```

|                                   |                    |
|-----------------------------------|--------------------|
| David Howe,                       |                    |
|     Plaintiff,                    |                    |
|     v.                            | Civil Action No.   |
|                                   | 19-12597-NMG       |
| U.S. Bank National Association    |                    |
| as Trustee for the RMAC Trust     |                    |
| Series 2016-CTT, Rushmore Loan    |                    |
| Management Services LLC,          |                    |
|     Defendants.                   |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

This motion for injunctive relief arises from the scheduled foreclosure sale by defendants U.S. Bank National Association, as Trustee for the RMAC Trust Series 2016-CTT ("U.S. Bank Trust") and Rushmore Loan Management Services LLC ("Rushmore") (collectively "defendants") of the property at 12 Stuart Street, Sudbury, Massachusetts ("the Property") owned by plaintiff David Howe ("Howe" or "plaintiff").

The Property is subject to a mortgage which is serviced by Rushmore and held by U.S. Bank Trust. Howe has failed to make payments on that mortgage for over five years and defendants now seek to foreclose. Howe has filed this motion in an attempt to halt the foreclosure sale which is scheduled to occur on

-1-

February 14, 2020. For the reasons that follow, Howe's motion for a preliminary injunction will be denied.

## I. Background and Procedural History

### A. Loan Origination and Subsequent Assignments

In 2005, Howe obtained title to the Property in Massachusetts by quitclaim deed which was recorded in the Middlesex County Registry of Deeds ("the Middlesex Registry"). In June, 2007, Howe negotiated a $684,000 loan secured by the Property from Option One Mortgage Corporation ("the Mortgage"). The Mortgage was also recorded in the Middlesex Registry. In 2008, a document control officer acting as Attorney-in-Fact for J.P. Morgan Mortgage Acquisition Corporation ("J.P. Morgan"), executed an Affidavit Regarding Lost or Misplaced Assignment ("Lost Assignment Affidavit"), whereby he affirmed that the Mortgage was purchased by J.P. Morgan and assigned from Option One Mortgage Corporation but that the assignment could not be located for recording.

Subsequently, a series of assignments were made which culminated in the assignment of the Mortgage to U.S. Bank Trust. That assignment was also recorded in the Middlesex Registry.

### B. Howe's Bankruptcies and Previous Foreclosure Attempts

In June, 2010, Howe filed for Chapter 7 bankruptcy and entered into a Loan Modification Agreement with J.P. Morgan, the holder of the mortgage interest at that time. After the

Bankruptcy Court granted J.P. Morgan's Motion for Relief from Stay, a foreclosure sale of the Property was scheduled for July, 2012. Howe filed a complaint in another session of this Court to stop that foreclosure. Subsequently, United States District Judge William G. Young granted U.S. Bank National Association, as Legal Title Trustee for LVS Title Trust I (to which the Mortgage had then been assigned) the right to foreclose. The sale was, however, postponed when Howe again filed for bankruptcy.

**C. The Current Foreclosure**

In July, 2018, Rushmore, the current servicer of the loan, sent Howe a 90-Day Right to Cure Letter because the November 1, 2014 payment (and all subsequent payments) were past due. In October, 2018, Rushmore sent Howe a Notice of Intent to Accelerate Debt which stated that he owed the bank over $230,000. In August, 2019, U.S. Bank Trust executed an affidavit as required by M.G.L. c. 244 § 35B. That affidavit was recorded and, in October, 2019, U.S. Bank Trust sent Howe notice that a foreclosure sale was scheduled for January 10, 2020.

Howe then filed a complaint against U.S. Bank Trust and Rushmore in Middlesex County Superior Court. The case was properly removed to this Court in December, 2019. On January 2, 2020, Howe filed a motion for a preliminary injunction to stop

the pending foreclosure sale of his property. Subsequently, the sale was postponed until February 14, 2020.

Howe seeks to enjoin the foreclosure because he alleges that 1) the assignment of his mortgage to U.S. Bank Trust is void; 2) U.S. Bank Trust is not the holder of his promissory note; 3) Defendants made misrepresentations in the Acceleration Notice and Right to Cure and 4) Rushmore's execution of the affidavit required under M.G.L. c. 244, § 35B is void.

**II. Motion for Preliminary Injunction**

**A. Legal Standard**

In order to obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007). Out of those factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976)). The Court may also rely on otherwise inadmissible

evidence, including hearsay, in deciding a motion for preliminary injunction. See Asseo v. Pan American Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986). Ultimately, the issuance of preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

**B. Reasonable Likelihood of Success on the Merits**

    **1. The Validity of Assignment**

Howe contends that U.S. Bank Trust does not properly hold a valid assignment of his mortgage and therefore cannot foreclose. He alleges that One Mortgage Corporation had transferred all of its residential mortgages prior to the assignment to J.P. Morgan and therefore the first purported assignment, and all subsequent assignments, were invalid. Howe bases that claim on a March, 2009, affidavit in which the President of Option One Mortgage's successor corporation, Sand Canyon Corporation, stated that it did not own any residential mortgages. J.P. Morgan had, however, acquired the Mortgage prior to December, 2008, as set out in the Lost Assignment Affidavit. Moreover, supporting documentation and plaintiff's own statements in his 2012 case refute his contention that any assignment of the Mortgage was void.

-5-

There is no support for plaintiff's contention that any of the assignments of the Mortgage are void. Therefore, Howe has not established that he has a reasonable likelihood of success on the merits on those grounds.

**2. The Promissory Note**

Howe next contends that U.S. Bank Trust does not hold an enforceable promissory note and thus may not foreclose. That contention is against the weight of the evidence. A copy of the original note and its allonges demonstrate that the note has been endorsed to U.S. Bank Trust. Because U.S. Bank Trust is the holder of the original note and the plaintiff has provided no convincing evidence to the contrary, Howe has not established that he has a reasonable likelihood of showing that U.S. Bank Trust is not the valid holder of the note.

**3. The Right to Cure Letter and Acceleration Notice**

Howe further submits that misrepresentations in the Right to Cure and Acceleration Notice render defendants without authority to foreclose. Howe claims that the notices are inconsistent with provisions in his mortgage, specifically paragraphs 18 and 22. Defendant responds that all notices comply with applicable Massachusetts law and are consistent with the Mortgage agreement.

Notices such as the Right to Cure are governed by M.G.L. c. 244, § 35A. Defendants' Right to Cure Notice complies with the

applicable requirements set forth in that statute. It complies with the 90-day timeline and the various additional requirements enumerated in M.G.L. c. 244, § 35A(c). Moreover, both the Right to Cure Notice and the Acceleration Notice comply with the applicable clauses in the Mortgage. Again, Howe has not met his burden.

### 4. Recorded Power of Attorney

Prior to a foreclosure, M.G.L. ch. 244, § 35B requires that a creditor or agent of the creditor issue an affidavit certifying compliance with applicable law and record it "with the registry of deeds for the county or district where the land lies." M.G.L. ch. 244, § 35B. ("the § 35B Affidavit"). In this case, the § 35B Affidavit was executed on behalf of U.S. Bank Trust by an officer of Rushmore in Middlesex Country (the location of the Property). The § 35B Affidavit refers to a power of attorney that was recorded in the Worcester Registry of Deeds. The defendants recorded the same power of attorney in the Middlesex Registry in September, 2017, and September, 2019.

Howe contends that because the power of attorney referenced in the § 35B Affidavit was recorded in Worcester, that affidavit, despite having also been recorded in the Middlesex Registry and pursuant to an identical power of attorney, is invalid. Howe's argument is spurious. That the Worcester power of attorney was referenced in the § 35 B affidavit does not

invalidate a previous identical valid power of attorney recorded in Middlesex County. See Weiner v. Rushmore Loan Mgmt. Servs., LLC, 327 F. Supp. 3d 268, 273 (D. Mass. 2018); see also Clockedile v. U.S. Bank Tr., N.A., 189 F. Supp. 3d 312, 315 (D. Mass. 2016). Because the affidavit was issued in Middlesex County by a representative with power of attorney stemming from Middlesex County, the § 35B Affidavit is valid and plaintiff cannot satisfy his burden that he has a reasonable likelihood of success on the merits of that claim.

### 5. Chapter 93A

Howe also asserts claims under M.G.L. ch. 93A. Because these claims are derivative of the allegations previously discussed, Howe cannot show that he is likely to succeed on the merits of those claims.

### C. The Remaining Preliminary Injunction Factors

Because the plaintiff has failed to establish a likelihood of success on the merits of his claim, the court need not address the remaining prerequisites for injunctive relief.

For the sake of completeness, however, the Court notes that although a foreclosure sale will no doubt represent a serious disruption to Howe, he has failed to make any payments on his mortgage since 2014 thereby rendering disingenuous any claims of harm or appeals to public policy. See Adams v. Wells Fargo Bank, N.A., 221 F. Supp. 3d 171, 178 n.4(D. Mass. 2016) (noting that

-8-

"where a mortgagor has failed to make any payments on the loan for a lengthy period, there are courts that have held that the mortgagor had "unclean hands" and is barred from seeking equitable relief from the Court in the form of a preliminary injunction.) (citing <u>Durmic</u> v. <u>J.P. Morgan Chase Bank, N.A.</u>, Civ. Act. No. 10-10380-RGS, 2010 WL 4825632, at *7 (D. Mass. Nov. 24, 2010)).

**ORDER**

For the forgoing reasons, plaintiff's motion for a preliminary injunction is **DENIED**.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated February 13, 2020